IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 15 2002

*[signature]*
CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.                                              No. CR 01-1335 BB

LAMAR ANTWAUN WILLIAMS,

Defendant.

MEMORANDUM OPINION
AND
ORDER ON RECUSAL

THIS MATTER comes before the Court on Defendant's repeated letters to this Court and Chief Judge Parker requesting this Court "be recused." These letters will be treated as a request for recusal and will be Denied.

*Discussion*

Defendant was indicted on October 10, 2001, for possession with the intent to distribute 50 grams of cocaine. Richard Winterbottom of the Federal Public Defender's office was appointed counsel. On January 8, 2002, Plaintiff retained Ahmed Assed. Mr. Assed filed a motion to suppress evidence on March 4, 2002. At the scheduled April hearing, the Government argued



Defendant threw the evidence at issue onto the roof of a building and therefore had no expectation of privacy in the content. While the Court ultimately found some merit in this argument, the Court required the Government to produce evidence and four witnesses were called. Following the hearing, the Court briefly discussed *United States v. Arvizu*, 534 U.S. 266 (2002); *United States v. Klinginsmith*, 25 F.3d 1507 (10th Cir. 1994); and *United States v. Washington*, 12 F.3d 1128 (D.C. Cir. 1994), and denied the motion.

On May 3, 2002, Defendant came before the Court to change his plea. After a full discussion of his rights, Mr. Williams changed his plea to guilty. A presentence report was prepared. On August 1, 2002, Mr. Assed moved to withdraw on the ground Defendant had filed a grievance against him with the State Bar of New Mexico. After a hearing, the Court permitted Mr. Assed to withdraw and Mr. Winterbottom was again appointed to represent the Defendant.

On August 22, 2002, the Court granted Defendant's motion to continue sentencing. On September 23, 2002, after reviewing the presentence report, Defendant moved to withdraw his guilty plea. After a full evidentiary hearing,

the Court permitted the Defendant to withdraw his guilty plea and set the matter for trial.

In October 2002, Defendant began a letter writing campaign to have the undersigned "recused." The most recent letter, November 5, 2002 (attached as Exhibit A), was written to Chief Judge Parker following jury selection on November 5. It requests recusal based on "Judge Black's personal statements and actions that were done in my suppression as well as my plea withdrawal." Since Defendant fails to cite any specific statements or action, the Court has reviewed the complete transcript of both hearings and finds no basis for recusal. *See United States v. Young*, 45 F.3d 1405, 1416 (10th Cir. 1995); *United States v. Wilkerson*, 208 F.3d 794 (9th Cir. 2000).

Now, therefore,

IT IS ORDERED that Defendant's letter request for recusal is DENIED.

Dated at Albuquerque this ___13th___ day of November, 2002.

BRUCE D. BLACK
United States District Judge

Chief Judge
James A. Parker,

Nov 5, 2002

To The Honorable Judge Parker,

I am writing once again to inform you of my current situation concerning my Trial Date now scheduled for Nov 19th and 20th As I Stated in my previous letter to you. Since Then I haven't received any responses relating to you instructing my Attorney Mr. Winterbottom to Address my concerns on the matter of recusing Bruce Black from hearing my case at Trial. I feel THAT Judge Black has a personal conflict against me for The withdrawing of my Plea Sept 30th 2002, and feel There is no Chance of a fair trial with him at Bench on The 19th and 20th and I'm also Afraid I'll Be denied an opportunity to prove my innocents and most likely will spend the next 20 plus years in a federal facility. My Attorney Mr. Winterbottom has Been representing me fairly in regards to my case and recently showed me copies of The letters I wrote to him, as well as Judge Black explaining my Deepest concerns on The recusal of Judge Black. I have (14) days for Trial and I Still wait for A resolution or answer to this issue, nothing was mentioned in regards to my letters At my Juror selection Dated Nov 4th 2002.

I ask you once again Judge Parker to please take (5) minutes to evaluate my situation to determine these facts I speak on concerning Judge Blacks personal statements and actions that were done in my suppression As well As plea withdrawal.

I Thank you again for your time and patients And most of all having an open ear for me.

Sincerely,

Lamar A. Williams

EXHIBIT A